```
           IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                               *
BARBARA PURNELL,
                               *
    Plaintiff,
                               *
       v.                          CIVIL NO.: WDQ-09-1414
                               *
SOCIAL SECURITY
ADMINISTRATION,
                               *
    Defendant.
                               *

*   *   *   *   *   *   *   *   *   *   *   *   *
```

MEMORANDUM OPINION

Barbara Purnell, *pro se*, sued the Social Security Administration ("SSA") for improperly adjusting her benefits after an overpayment, and for fraud and intentional infliction of emotional distress. Pending is the Government's motion to dismiss for lack of subject matter jurisdiction. For the following reasons, the motion will be granted.

I.   Background

On April 23, 2009, Purnell went to the Baltimore, Maryland office of the SSA to inquire about two notices of overpayment of disability benefits that she had received in 2005 and 2006. Compl., Ex. A. She believed that the SSA had deducted more than was necessary to recoup the overpayment. *Id*. 1. Purnell alleges that while discussing this issue with SSA employee Ava

1

Underwood, Underwood took documents from Purnell showing the overpayment had been recouped in full, and refused to return them. *Id.*, Ex. A.  As a result of the incident, Purnell became sick and depressed.[1]  *Id.*

On May 8, 2009, Purnell sued the SSA in the District Court of Maryland for improperly adjusting her benefits, fraud, and intentional infliction of emotional distress.  Paper No. 2.  On May 28, 2009, the Government removed to this Court.  Paper No. 1.  On August 24, 2009, the Government moved to dismiss for lack of subject matter jurisdiction.  Paper No. 14.

II.  Analysis

A.  Standard of Review

The plaintiff has the burden of proving subject matter jurisdiction.  *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).  When a defendant challenges subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Id.*  The district court should grant the motion to dismiss "only if the material

---

[1] For the pending motion, Purnell's well-pled allegations are assumed to be true.  *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

   B. The Government's Motion

The Government argues that the Court lacks subject matter jurisdiction because Purnell has not exhausted administrative remedies. The Government contends that Purnell's claims for an improper benefits adjustment, fraud, and intentional infliction of emotional distress must be presented to the SSA before this Court may hear them.

      1. Improper Benefits Adjustment

Under 42 U.S.C. § 1383(b)(1)(A), "[w]henever the Commissioner of Social Security finds that more or less than the correct amount of benefits has been paid with respect to any individual, proper adjustment or recovery shall . . . be made by adjustments in future payments to such individual." 42 U.S.C. § 1383(b)(1)(A) (2006). Section 1383(c) authorizes judicial review of benefits adjustments "to the same extent as the Commissioner's final determinations under section 405 of this title." *Id.* § 1383(c)(3). Section 405(g), in turn, authorizes judicial review of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." *Id.* § 405(g).

A "final decision" is the completion of a four-step process of administrative review: (1) an initial determination, (2) reconsideration of that determination, (3) a hearing before an administrative law judge, and (4) review by the Appeals Council. *See* 20 C.F.R. § 404.900 (a)(1)-(5) (2009).  Only after these four steps may a claimant obtain judicial review.  *Id*. § 404.900(5).

Because Purnell has not shown her compliance with these requirements, she has failed to establish subject matter jurisdiction.  Accordingly, the claim must be dismissed.

> 2. Fraud and Intentional Infliction of Emotional Distress

Under 28 U.S.C. § 1346(b)(1), "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . . for personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1)(2006).  This provision of the Federal Tort Claims Act ("FTCA") is "a limited waiver of the United States's sovereign immunity, allowing a plaintiff to sue the United States for . . . injuries resulting from certain torts of the employees of the government."  *Robb v. United States*, 80 F.3d 884, 887 (4th Cir. 1996).

4

An FTCA claim requires the plaintiff to demonstrate that she has exhausted administrative remedies.  Under 28 U.S.C. § 2675(a), "[a]n action shall not be instituted upon a claim against the United States . . . for personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency."  28 U.S.C. § 2675(a)(2006).  Compliance with this section is jurisdictional.  *See Pyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990).

Purnell has not shown that she presented her claims for fraud and intentional infliction of emotional distress to the SSA.  Because she has not exhausted her administrative remedies, the claims must be dismissed.

III. Conclusion

For the reasons stated above, the Government's motion to dismiss for lack of subject matter jurisdiction will be granted.

October 22, 2009                        _____/s/_____
Date                                    William D. Quarles, Jr.
                                        United States District Judge